UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
IN RE:                          *    CHAPTER 13
MARVIN A. BROOKS                *    BANKRUPTCY NO. 19-15914
                                *
                    Debtor      *
```

**ORDER**

AND NOW, this     day of            , 202 , upon consideration of Flagstar Bank, FSB Motion for Relief from the Automatic Stay and Debtor's answer thereto, and after hearing, it is hereby ORDERED and DECREED that;

The Motion of Flagstar Bank, FSB for Relief From The Automatic Stay Under Section 362 is DENIED.

BY THE COURT:

_____
J.

Kenneth G. Harrison, Esquire
Fine Neshaminy Interplex  Suite 115
Trevose, PA 19053

William C. Miller, Esquire (Trustee)
P.O. Box 1229
Philadelphia, PA 19105

Jerome Blank, Esquire
Phelan Hallinan Diamond & Jones
One Penn Center Plaza
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| MARVIN A. BROOKS | * | BANKRUPTCY NO. 19-15914 |
| | * | |
| Debtors | * | |

**DEBTORS' ANSWER TO THE MOTION**
**FOR RELIEF FROM THE AUTOMATIC STAY**

Debtor, Marvin A. Brooks, by and through his attorney, Kenneth G. Harrison, Esquire, respectfully represents as follows:

1. Admitted.

2. Denied as stated. The non-filing co-debtor, Inbal Zohar was never on the deed.

3. Admitted.

4. Denied as a conclusion of law upon which no responsive pleading is required.

5. Denied. Debtor has no knowledge of Movant's reasons to institute foreclosure proceedings.

6. Admitted.

7. Denied as stated. Debtor have no knowledge of Movant's fees. Debtor believes that Movant has not credited all his payments to them. All other allegations are ednied as conclusions of law upon which no responsive pleading is required.

8. Denied as a conclusion of law upon which no responsive pleading is required.

9. Denied as a conclusion of law upon which no responsive pleading is required.

10. Denied as a conclusion of law upon which no responsive

pleading is required.

11. Denied as a conclusion of law upon which no responsive pleading is required.

12. Denied as a conclusion of law upon which no responsive pleading is required.

DEFENSES

1. The Debtor has substantial equity in their property and Movant has been afforded adequate protection of its interest.

2. Movant has not shown the irreparable harm necessary to justify lifting of the automatic stay with respect to its foreclosure.

3. If Movant is entitled to relief from the stay, the stay should not be terminated and the Court should grant less drastic relief by conditioning or modifying the stay.

WHEREFORE, Debtor, Marvin A. Brooks, respectfully requests that this Honorable Court deny Movant's Motion for Relief From the Automatic Stay.

Respectfully submitted,

s/s Kenneth G. Harrison
Kenneth G. Harrison, Esquire
Five Neshaminy Interplex Suite 115
Trevose, PA 19053