IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Marvin A. Brooks <br> Debtor(s) | | CHAPTER 13 |
| FLAGSTAR BANK FSB <br> vs. <br> Movant | | NO. 19-15914 MDC |
| Marvin A. Brooks <br> Debtor(s) | | |
| Kenneth E. West Esq. <br> Trustee | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtor's residence is **$11,323.07,** which breaks down as follows;

Post-Petition Payments:  August 2022  through November 2022  at $ 2,998.45/month
Suspense balance:            ($670.73)
**Total Post-Petition Arrears       $11,323.07**

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). On or about November 30, 2022, , Debtor(s) shall  full tender payment of the total post-petition arrears of **$11,323.07.**

    b). Thereafter, Debtor shall maintain their monthly mortgage payments beginning with December 1, 2022;

3. The provisions of this Order with respect to the regular monthly installment payments expire one year after the date of entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this Order, the Movant must obtain relief by filing a motion for relief from stay with an appropriate notice of hearing.

4. Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   November 21, 2022

/s/ Denise Carlon, Esquire
Denise Carlon, Esquire
Attorney for Movant

Date: 11/29/2022

Kenneth G. Harrison, Esquire
Attorney for Debtor(s)

No Objection

Date: December 5, 2022

/s/ LeeAne O. Huggins
Kenneth E. West, Esquire
Chapter 13 Trustee

Approved by the Court this __7th__ day of __December__ 2022. However, the court retains discretion regarding entry of any further order.

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE